McCORD, Judge
(concurring specially).
I agree with the opinion of Judge Boyer that this case must be affirmed on authority of State v. Bryan, Sup.Ct.Fla.1973, 287 So.2d 73. While it is probably superfluous to add to the “beating of a dead horse,” I will make a few additional observations in this matter.
The trial court here and in State v. Bryan, supra, did not omit a separate instruction not requested by the defendant but it omitted what I consider to be an essential part of the standard jury instruction on manslaughter. The manslaughter charge appears on page 91 of the Florida Standard Jury Instructions For Criminal Cases and it is divided into two parts — (1) Definition and (2) Culpable Negligence. To omit the second part is to fail to give the complete and proper instruction. When the trial judge announced at the conference on instructions that he would give the standard instructions with the exception of the instruction on circumstantial evidence, defense counsel had every-right to assume that he would give the complete manslaughter instruction and not just a part of it. The manslaughter charge of the standard instructions is substantially the same charge (with the definition of culpable negligence included) which has been given by trial judges of this state in homicide cases for many years prior to adoption of standard instructions. The only difference is that the standard instruction has a more abbreviated definition of culpable negligence.